Keith A. Kelly (4748)
Steven W. Call (5260)
Steven C. Strong (6340)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
Telephone: (801) 532-1500
Fax: (801) 532-7543

Todd W. Ruskamp (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Fax: (816) 421-5547

Attorneys for Aquila, Inc.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>C.W. MINING COMPANY<br>dba Co-op Mining Company<br><br>Debtor. | **NOTICE OF ISSUANCE OF SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>Involuntary Bankruptcy Case no.<br>08-20105 JAB |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, made applicable in cases under the bankruptcy Code by Rule 9016, Federal Rules Bankruptcy Procedure, Aquila, Inc., by and through its counsel of record Ray Quinney & Nebeker P.C., has issued a Subpoena in a Case under the Bankruptcy Code to C.O.P. Coal Development Company, a copy of which is attached hereto as <u>Exhibit A</u>.

/

Dated: February 1, 2008

/s/ Steven W. Call
Keith A. Kelly (4748)
Steven W. Call (5260)
Steven C. Strong (6340)

RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT  84145-0385
Telephone:  (801) 532-1500
Fax:  (801) 532-7543

SHOOK, HARDY & BACON L.L.P.
Todd W. Ruskamp
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone:  (816) 474-6550
Fax: (816) 421-5547

*Attorneys for Aquila, Inc.*

967043

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

- John T. Morgan tr: john.t.morgan@usdoj.gov, james.gee@usdoj.gov
- Paul James Toscano: ptoscano@expresslaw.com, eallred@expresslaw.com;ptpcecf@gmail.com
- United States Trustee: USTPRegion19.SK.ECF@usdoj.gov
- Russell S. Walker: rwalker@wklawpc.com, ckirk@wklawpc.com

/s/ Steven W. Call
Steven W. Call

967043

# EXHIBIT A

# *United States Bankruptcy Court*
## District of Utah

| | |
|---|---|
| C.W. MINING COMPANY,<br><br>  Debtor. | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>Case Number 08-20105 JAB<br>Involuntary Chapter 11 |

**To:** C.O.P. Coal Development Company
3212 South State Street
Salt Lake City, UT 84115

☐ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE<br>OFFICES OF RAY QUINNEY & NEBEKER P.C.<br>36 SOUTH STATE STREET, SUITE 1400<br>SALT LAKE CITY, UT 84111 | DATE AND TIME<br>**on or before**<br>**Tuesday, February 19, 2008** |
|---|---|

### SEE EXHIBIT A ATTACHED HERETO

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedures, 30(b)(6) made applicable to this proceeding by rule 7030, Fed.R. Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]*<br>Attorneys for Aquila, Inc. | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven W. Call
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111          (801) 532-1500

967024

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e) as amended on December 1, 2006, made applicable in cases under the Bankruptcy code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance of such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test or sample the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing or sampling commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance or,
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state which the trial is held or,
      (iii) requires disclosure of privileged or other protected matter an no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (3)(B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or,
      (ii) requires disclosure of an unretained expert's opinion or information not describing expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

   (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information ina form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or

cost. On motion to compel discovery or to quash the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A)   When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B)   If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.   The person who produced the information must preserve the information until the claim is resolved.

(e)    CONTEMPT.   Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A.

DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA
IN RE: C.W. MINING COMPANY
Involuntary Bankruptcy Case No. 08-20105 JAB

**YOU ARE HEREBY REQUESTED TO PRODUCE THE FOLLOWING DOCUMENTS:**

1. All leases made between C.O.P. Coal Development Company (hereinafter "COP") and C.W. Mining Company, (hereinafter "C.W. Mining Company") relating to any property of any kind including but not limited to the property described in the Coal Operating Agreement (the "Operating Agreement"), which is attached hereto and incorporated herein.

2. All documents[1] relating to or arising from the Operating Agreement including but not limited to any amendments or proposed amendments to the Operating Agreement.

3. All documents to any person (other than your counsel) which relate to or arise from to the Operating Agreement or any amendment, change, charge, or any obligation thereto.

4. All invoices, statements, demands, requests for payment relating to the Operating Agreement (or any amendment made thereto) or any other debt or obligation arising thereunder.

5. All documents relating to any letter or notice of default relating to the Operating Agreement or any other lease made between COP and C.W. Mining.

6. All documents which lease or attempt to lease or commit to lease any part of the property described or referred to in the Operating Agreement.

---

1. The term "document" means any writing or record of any type or description whatsoever – including, but not limited to, "writings", "recordings", and "photographs" as these terms are defined in rule 1001 of the Utah Rules of Evidence, contracts, agreements, correspondence, telegrams, letters, telexes, telecopies, tapes, video tapes, films, photographs, interoffice communications, memoranda, reports, records, instructions, plans, specifications, owners manuals, warranties, notes, notebooks, diaries, calendars, appointment books, minutes of meetings, photocopies, plats, maps, charts, surveys, descriptions, invoices, purchase orders, work orders, bills of sale, bills of lading, financial statements, tax returns, motion pictures, recordings, published or unpublished speeches or articles, publications, telephone messages, telephone call slips, "while you were out slips", transcripts of telephone conversations, and any other retrievable data (whether encoded, taped or coded, electrostatically, electromagnetically or otherwise)-in your possession, custody or control, or known to you-wherever located, produced or reproduced, whether an original or a copy (including, but not limited to, carbon, handwritten, typewritten, microfilmed, photostatic or xerographic copies) and including any non-identical copy (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto or otherwise)-together with any attachment thereto or enclosure therewith.

7.	All documents relating to any notices to the accrual, payment or indebtedness of any royalties obligations existing between COP and C.W. Mining Company.