**The below described is SIGNED.**

**Dated: March 18, 2009**

_____
**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 08-20105 |
| **C.W. MINING COMPANY**, a Utah corporation, | Chapter 7 |
| Debtor. | |

**MEMORANDUM DECISION DENYING THE MOTION OF HIAWATHA COAL COMPANY, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO COMPLETE UTAH DIVISION OF GAS, OIL, AND MINING RECLAMATION PERMIT REQUIREMENTS**

Before the Court is the Motion of Hiawatha Coal Company, Inc. (Hiawatha) For Relief From the Automatic Stay to Complete Utah Division of Gas, Oil and Mining Reclamation Permit Requirements (Motion for Relief). Standard Industries, Inc. filed a joinder in the Motion for Relief. The chapter 7 trustee (Trustee) and Aquila, Inc. (Aquila), a judgment creditor, oppose the Motion for Relief.

The parties have briefed the legal issues and presented evidence and argument to the Court. Following four days of evidence on this Motion for Relief and two other motions, these

matters were taken under advisement. After considering the evidence, assessing the credibility of the witnesses, considering the arguments of counsel, and conducting an independent review of applicable case law, the Court issued an order denying the Motion for Relief. This Memorandum Decision contains the findings of fact and conclusions of law supporting that order.

## I. JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(a). This is a core matter under 28 U.S.C. § 157(b), and this Court may make a final determination.

## II. FACTS

The facts in this Court's Memorandum Decision Denying C.O.P. Coal Development Company's Motion To Require the Trustee to Assume or Reject Lease, and Granting Trustee's Motion to Extend Time for Trustee to Assume or Reject Executory Contracts or Unexpired Leases of the Debtor issued on March 18, 2009, and the terms uses therein, are incorporated herein by reference.

The Court finds the following additional facts that are related to the Motion for Relief. Finley testified that he and other employees of Hiawatha have had numerous contacts with Cumberland/Lyndon and DOGM since June 24, 2008 regarding the transfer of the reclamation bond and the Debtor's mining permit. On September 4, 2008, DOGM sent a letter to Shawn Baker, identified as the Registered Agent for Co-Op Mining Company,[1] indicating that the application for transfer of the Bear Canyon Mine permit to Hiawatha was incomplete and setting forth various items that needed to be addressed before DOGM could proceed with review of the application. A month later on October 3, 2008, Finley, on behalf of Hiawatha, sent a reply to

---

[1] Co-Op Mining Company is the Debtor's d.b.a.

DOGM addressing the deficiencies listed in the September 4, 2008 letter. Finley testified that he had also spoken to DOGM personnel within the last couple of weeks before the evidentiary hearings regarding the transfer of the mining permit.

Since June 24, 2008, Hiawatha has made several improvements to the mining operations at the Bear Canyon Mine, including improvements to the belt lines, in hopes of making the mine more profitable. Finley and Reynolds both testified that if the cessation order is not lifted by the time the longwall is finished with the current panel, the Bear Canyon Mine will be required to cease operations and will be shut down causing substantial economic hardship for Hiawatha and its employees.

### III. HIAWATHA'S MOTION FOR RELIEF FROM STAY

In its Motion for Relief, Hiawatha urges the Court to lift the automatic stay to allow the Debtor to go forward with the transfer of the reclamation bond held by Cumberland/Lyndon, including the underlying security for the bond, and the transfer of the DOGM permit. Hiawatha argues that any right the Debtor had in its DOGM permit was transferred when the Sale Agreement was consummated on or about June 24, 2008 and that the Debtor ceased to have any interest in the DOGM permit after that date that would be subject to the Preservation Order.[2] Hiawatha also argues that this Court does not have the power to enjoin the State's regulatory powers from issuing a new mining permit to Hiawatha. These arguments demonstrate Hiawatha's misunderstanding of the Court's Preservation Order.

---

[2] At the outset, the Court notes the odd procedural posture of this Motion for Relief. In its Motion for Relief, Hiawatha asks the Court for relief from the automatic stay to go forward with the DOGM permitting process. It would have been more appropriate for the Debtor to ask for relief from the Preservation Order to complete the June 24, 2008 sale. But in this imperfect world, the Court must resolve the problems that the parties present to it.

After entry of the Preservation Order, the Debtor was required to seek Court approval of any transfer of the Debtor's property not yet consummated. Finley testified that DOGM refused to transfer the mining permit to Hiawatha because Hiawatha had been unable to obtain transfer of the Debtor's reclamation bond to Hiawatha. Hiawatha was unable to get the reclamation bond transferred because of the Preservation Order. He also testified that Lyndon/Cumberland is only waiting for this Court's approval before it transfers the reclamation bond to Hiawatha. The Sale Agreement was executed on June 24, 2008 and the Preservation Order was not issued until August 8, 2008. The Debtor had 45 days from the alleged sale date until the entry of the Preservation Order to effectuate any purported transfer that occurred under the terms of the Sale Agreement. This would have included the transfer of the reclamation bond from the Debtor to Hiawatha as well any interest the Debtor had in the DOGM permit. It cannot be disputed that one of the most valuable assets to a mine operator is its permit to operate the mine. And yet, by August 8, 2008, the Debtor and Hiawatha had failed to transfer the reclamation bond upon which the mining permit was based, and the Preservation Order clearly restrained the Debtor from doing so without further Court approval.

Under the terms of the Preservation Order, the Debtor could have filed a motion, given proper notice to parties, and obtained a hearing at which it could have attempted to meet the appropriate statutory standard to obtain an order to transfer the reclamation bond and seek transfer of the DOGM permit to Hiawatha. The Debtor failed to do so.

Hiawatha maintains that cause exists to lift the stay under § 362(d)(1) because the balance of harm to it outweighs any harm the estate may suffer if the transfer of the reclamation bond and DOGM permit do not go forward. Hiawatha argues that failure to obtain the Debtor's mining

permit will result in closure of the Bear Canyon Mine when the current panel is completed causing potential damage to the longwall equipment or extreme expense in removing it, will result in laying off Hiawatha's workforce, and will result in loss of the improvements Hiawatha has made to the Bear Canyon Mine. On the other hand, if the Motion for Relief is granted, the estate will lose a valuable asset. It is the Trustee's obligation to determine what should happen to the interest the estate retains in the reclamation bond and the DOGM permit and to attempt to maximize the assets of the estate for all creditors, not just those the Debtor elected to favor in its § 303(f) sale. In weighing the balance of harm the Court considered the odd nature of the Sale Agreement, the less-than-arm's length transaction, the attempted transfer of the Debtor's assets for an assumption of only certain debt that has not been paid by Hiawatha and that the ABM, Inc., Security Funding, Inc. and World Enterprises assert is still owed by the Debtor, and the testimony of the Trustee's expert regarding the potential value to the estate of the Debtor's assets and the effects of mining cessation.

The Court is acutely aware of the potential damage to Hiawatha and its workforce of denial of the Motion for Relief. But this is one of those instances where, in the current contested environment between the parties, there is no decision that the Court can make in resolution of this Motion for Relief that will not result in significant hardship to one of the parties. In weighing the balance of harm, it is inescapable that Hiawatha voluntarily placed itself in this position with full knowledge of the Debtor's bankruptcy case and assumed the risk that the transaction would not be concluded as Hiawatha planned. It is indeed unfortunate that Hiawatha's and the Debtor's workforce may bear the brunt of Hiawatha's decision. Certainly it would be in Hiawatha's, the estate's, and Debtor's creditors' best interests for the parties to resolve these issues to achieve the

maximum payment to all of the Debtor's creditors and to continue a viable business. But such a compromise is not the matter before the Court.

## IV. CONCLUSION

The Trustee and Aquila have carried their burden under § 362(g)(2), and the Court concludes that there are insufficient facts to justifying relief from the automatic stay for cause. For these reasons, the Court entered the order denying the Motion for Relief.[3]

-----------------------------------------END OF DOCUMENT-----------------------------------------

---

[3] In its pleadings, Hiawatha argues that the Debtor has no equity in the DOGM permit and that it is not necessary to an effective reorganization. Hiawatha has the burden of proving the estate has no equity in the bond or permit. This subsection of § 362(d) is difficult to apply to the facts of this chapter 7 case, Hiawatha did not pursue this legal argument in its closing, and there were no facts presented on this point. As a result, the Court will not address that argument here.

_____ooo0ooo_____

# SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING THE MOTION OF HIAWATHA COAL COMPANY, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO COMPLETE UTAH DIVISION OF GAS, OIL, AND MINING RECLAMATION PERMIT REQUIREMENTS** will be effected through the Bankruptcy Noticing Center to each party listed below and to the MATRIX:

C.W. Mining Company
PO Box 65809
Salt Lake City, UT 84165
    *Debtor*

Russell S. Walker
David R. Williams
Woodbury & Kesler
265 East 100 South
Suite 300
Salt Lake City, UT 84111
    *Debtor's Counsel*

Kenneth A. Rushton, Trustee
99 West Main Street
P. O. Box 212
Lehi, UT 84043
    *Chapter 7 Trustee*

Michael N. Zundel
Prince Yeates & Geldzahler
City Centre I, Suite 900
175 East 400 south
Salt Lake City, UT 84111
    *Trustee's Counsel*

Keith A. Kelly
Steven W. Call
Steve Strong
Ray Quinney & Nebeker, P.C.
36 South State St., Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
    *Counsel for Aquila, Inc.*

Conrad H. Johansen
Tyler Foutz
Olsen Skoubye & Nielson
999 East Murray-Holladay Road
Suite 200
Salt Lake City, UT 84117
    *Counsel for Owell Precast, LLC*

John T. Morgan
US Trustees Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, Ut 84111

David E. Leta
Snell & Wilmer
15 West South Temple
Suite 1200
Beneficial Tower
Salt Lake City, UT 84101-1547

F. Mark Hansen
F. Mark Hansen, P.C.
431 North 1300 West
Salt Lake City, UT 84116
    *Counsel for Standard Industries, Inc. et al.*

Danny C. Kelly
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
    *Counsel for Graymont Western US Inc.*

Lon Jenkins
Troy Aramburu
JONES WALDO HOLBROOK & MCDONOUGH, PC
170 South Main St., Suite 1500
Salt Lake City, UT 84101
    *Counsel for Lyndon Property Insurance Company*

Peter W. Guyon
614 Newhouse Building
The Law Office of Peter W. Guyon, P.C.
10 Exchange Place
Salt lake City, UT 84111
    *Counsel for Hiawatha Coal Company Inc.*

ORDER SIGNED