**The below described is SIGNED.**

**Dated: October 23, 2009**

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re: | Case No. 08-20105 |
|---|---|
| **C. W. MINING COMPANY**, *dba* Co-Op Mining Company, | Chapter 7 |
| Debtor. | |

**MEMORANDUM DECISION DENYING COP COAL DEVELOPMENT'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR SUMMARY JUDGMENT ON TRUSTEE'S MOTION TO ASSUME COAL OPERATING AGREEMENTS AND RELATED ASSUMPTION MOTIONS**

On July 27, 2009, C.O.P. Coal Development Company (COP) filed a Motion for Relief From Automatic Stay and For Summary Judgment on Trustee's Motion to Assume Coal Operating Agreements and Related Assumption Motions (Motion). Lyndon Property Insurance Company (Lyndon) filed a limited response to the Motion, and Kenneth A. Rushton, the Chapter 7 Trustee (Trustee), filed a memorandum opposing the Motion. Oral arguments were scheduled on September 28, 2009. COP's attorney, F. Mark Hansen, did not attend the hearing but Kim Wilson entered an appearance for COP indicating that he and his firm had recently been retained.

At COP's request, the hearing on the Motion was continued without date. COP's new counsel was given twenty days to file supplemental pleadings and/or request further resolution from the Court. No supplemental pleadings have been filed, and the Court considers the Motion fully briefed and submitted.

After considering the parties' arguments contained in their pleadings, and conducting an independent review of applicable case law, the Court enters the following Memorandum Decision.

### I. JURISDICTION AND APPLICABLE STANDARD

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (O), and the Court may enter a final order.

COP asks the Court for two forms of relief. First, COP requests that the Court grant summary judgment in its favor finding that the March 1997 Coal Operating Agreement between C.W. Mining Company, the Debtor herein (Debtor), and COP (1997 Coal Operating Agreement) is deemed rejected under 11 U.S.C. § 365(d)(4)[1] because the Trustee failed to assume the 1997 Coal Operating Agreement within the statutory time period.[2] Second, COP requests relief from

---

[1] Future statutory references will be to Title 11 of the United States Code unless otherwise indicated.

[2] In conjunction with that request, COP requests that the Court deny the Assumption Motions because they all depend upon the assumption of the 1997 Coal Operating Agreement. The Related Assumption Motions include the following: Trustee's Motion to Approve Chapter 7 Trustee's Temporary Operation of the Mine for Maintenance and Safety Purposes and Disclosure of Trustee's Plan of Administration; Trustee's Motion to Employ Price Mine Service to Provide Miners to Temporarily Operate the Mine for Maintenance and Safety Purposes; Trustee's Motion to Employ Peak Alarm Company, Inc. To Provide Security at the Bear Canyon Mine; Trustee's Motion for Authority to Obtain Credit for the Purpose of Temporarily Operating the Bear Canyon Mine for Maintenance and Safety Purposes Pending Closing of a Sale of the Mine; and Trustee's Motion to Approve Bid Procedures in Anticipation of Assumption and Assignment of the Debtor's Operating Agreements with C.O.P. Coal Development Company and ANR, Inc., and Sale of Other Estate Assets. *See* Motion at 1. The Court ruled on the Related Assumption Motions (as modified) on October 5, 2009.

the automatic stay to take steps to terminate the 1997 Coal Operating Agreement because the Trustee failed to timely assume.

Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party.[4] The party opposing summary judgment may not rely on mere allegations or denials in its pleadings or briefs, but must identify specific and material facts for trial and significant probative evidence supporting the alleged facts.[5] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[6] The moving party has the burden of establishing that it is entitled to summary judgment.[7]

Section 362(d)(1) allows a party to seek relief from the automatic stay if cause is established. The burden on proof on all issues except for the Debtor's equity in property falls upon the party opposing such relief.[8]

---

[3]   FED. R. CIV. P. 56(c).

[4]   *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[5]   *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1284 (10th Cir. 1988).

[6]   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[7]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8]   Section 362(g).

## II. UNDISPUTED FACTS

The material facts required to resolve the Motion are not in dispute. This case was commenced by the filing of an involuntary petition on January 8, 2008. Before the case was filed, the Debtor and COP entered into the 1997 Coal Operating Agreement. At the time the involuntary petition was filed, the Debtor had defaulted under the terms of 1997 Coal Operating Agreement. An order for relief was entered in the case on September 26, 2008, and the case was subsequently converted to chapter 7. After a disputed election, the Trustee was appointed. In early 2009, the Trustee requested an extension of the statutory time period to assume or reject executory contracts and unexpired leases. The Court granted this motion, and the Trustee was given until June 11, 2009 to assume or reject executory contracts and unexpired leases.

On June 9, 2009, the Trustee filed the Motion to Assume Coal Operating Agreements and Certain Related Contracts and for Scheduling Conference (Assumption Motion) indicating his intent to assume numerous leases including the 1997 Coal Operating Agreement. The Trustee articulated his plan for curing any defaults and providing adequate assurance to the affected parties through a sale and assignment of the mining operating agreements, but he indicated that the sale and assignment could not occur until the Court resolved issues regarding the parties' respective rights under the operating agreements including the allowed amount of any cure claims filed.[9] The Trustee has set the Assumption Motion for trial November 16 and 17, 2009. The estate has not made any payments to COP and, due in part to the conduct of other parties, the Trustee has not been in possession of the Bear Canyon Mine which is the subject of the 1997 Coal Operating Agreement since the entry of the order for relief.

---

[9] Trustee's Mem. in Supp of Assumption Mot. at 17-18.

A trial to resolve the Trustee's Objection to COP's Cure Claim Under March 1997 Operating Agreement (Claim No. 26) and COP's Proof of Claim No. 9 and ANR, Inc.'s Proof of Claim No. 27 as well as claims for relief 1-4 in adversary proceeding 09-2248 was set on September 15 and 17, 2009. The non-appearance of COP's counsel, F. Mark Hansen, at that trial (due to medical reasons) resulted in bifurcation of the trial to resolve only the disputes with ANR Company, Inc. The issues surrounding COP's claims and claims for relief 1, 3, and 4 in adversary proceeding 09-2248 have been scheduled for trial on October 26, 2009.

### III. DISCUSSION

Section 365(d)(4) requires a trustee to assume an unexpired lease of nonresidential real property by a date certain or the lease is deemed rejected. In order to assume an unexpired lease, a trustee must comply with the requirements of § 365(b). Section 365(b)(1) provides: "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee — (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease." There is no dispute that the Trustee filed the Assumption Motion before the § 365(d)(4) time period expired.[10] Instead, the dispute centers

---

[10] Section 365(d)(4) was amended in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act extending the amount of time given to the debtor to assume or reject an unexpired lease to 120 days and providing courts with further direction regarding additional extensions.

around whether the Trustee was required to cure any default and provide adequate assurance of future performance at the time the Assumption Motion was filed in order to defeat the § 365(d)(4) provision requiring that an unexpired lease that is not timely assumed "shall be deemed rejected." COP asserts that "[s]ection 365 required [the Trustee], at the time of assumption [at the time the Assumption Motion was filed], to cure any defaults and give adequate assurance of future performance of the operator's obligations under the [1997 Coal Operating Agreement]."[11] COP maintains that the Trustee has not cured any defaults, has "also failed to give <u>any</u> assurance, much less 'adequate' assurance, of a prompt cure of default or of future performance," and that, as a result, the 1997 Coal Operating Agreement is deemed rejected by operation of law.[12] The Trustee counters by arguing that the filing of the Assumption Motion prevented the automatic rejection of the 1997 Operating Agreement under § 365(d)(4) and that lease assumption is a process "beginning with the filing of a motion to assume" and ending with the court's approval of the motion and "the Court's order authorizing the trustee to use property of the estate for the cure and assure functions."[13] The Trustee argues that the phrase "at the time of assumption" found in § 365(b)(1) refers not to the time the Trustee communicates his intent to assume under § 365(d)(4), but instead to the time when the assumption actually becomes effective.[14]

---

[11]  COP's Mem. in Supp. at i.

[12]  *Id.* at i-ii.

[13]  Trustee's Mem. in Opp. at 9.

[14]  *Id.* at 10.

Both parties rely on *By-Rite Distributing, Inc. v. Brierley (In re By-Rite Distributing, Inc.)*[15] to support their positions. The holding in *By-Rite* is a narrow one. In that case, the debtor in possession filed a motion to assume unexpired leases within the § 365(d)(4) time period, but the bankruptcy court was unable to consider the motion before the time period expired.[16] There were no objections to the motion, but the bankruptcy court *sua sponte* dismissed the motion to assume on the grounds that it was barred by the time limitation of § 365(d)(4).[17] The district court reversed the bankruptcy court, finding that "[s]ection 365 does not expressly require the bankruptcy court to rule within the sixty-day period on the trustee's decision to assume a lease. It only says that the *trustee* must 'assume or reject' an unexpired lease withing sixty days of the commencement of the case."[18] The narrow holding of *By-Rite* is that a timely filed motion to assume is sufficient to halt the automatic rejection of an unexpired lease under § 365(d)(4) even if the bankruptcy court cannot consider the motion until after the time period has expired. The district court goes on to say:

> Section 365 contemplates two distinct actions, one by the trustee (or the debtor in possession) and one by the court. The trustee assumes or rejects, and the court approves. The Code does not specify how the trustee is to assume or reject a lease, but the trustee's action is different from the court's. Such is the import of section 365(a), which says that 'the trustee, subject to the court's approval, may assume or reject any . . . unexpired lease of the debtor.'

---

[15]    55 B.R. 740 (D. Utah 1985).

[16]    *Id*. at 741.

[17]    *Id*.

[18]    *Id*. at 742 (emphasis in original). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 expanded the 60-day period under § 365(d)(4) to 120 days and allowed courts to extend the 120-day period for an additional 90 days.

> The court concludes that the trustee assumes or rejects the leases within the meaning of section 365(d)(4) when he makes up his mind to do so and communicates his decision in an appropriate manner, such as by filing a motion to assume. The assumption may become effective only after the court approves it. It is, in effect, subject to defeasance by the court. But the trustee's act of assuming the lease is complete for purposes of section 365(d)(4) before the trustee ever obtains court approval.[19]

The district court specifically qualified its analysis more than once by indicating that filing the motion was sufficient to halt the § 365(d)(4) rejection.[20] It did not discuss what actions the debtor in possession or trustee needed to take to cure any defaults and provide adequate assurance under

§ 365(b)(1). It simply held that a timely filed motion to assume prevents an unexpired lease from being deemed rejected. In this case, the Assumption Motion was timely filed such that the § 365(d)(4) rejection provision became inoperative. Therefore, the discrete legal issue left for this Court is whether the Trustee must also actually cure and provide adequate assurance of prompt cure and future performance before the § 365(d)(4) time period expires.

Assumption of an unexpired lease is a process as evidenced by the statute itself. Before a court may approve a motion to assume under § 365(a), a trustee must demonstrate his intent to assume and then his ability to comply with the statutory requirements of § 365(b)(1).[21] After the trustee forms and communicates his intent to assume under § 365(d)(4), § 365(b)(1) requires the

---

[19] *Id.* 742-43.

[20] Some courts have cited *By-Rite* for the proposition that an unexpired lease is deemed rejected at the time a trustee files a motion to reject and does not require court approval as a condition precedent to rejection. *See WB, LTD v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.)*, 142 B.R. 528 (Bankr. N.D. Ga. 1991) (citing *By-Rite*, 55 B.R. 742-43)).

[21] *See By-Rite*, 55 B.R. at 745.

court to determine whether a default exists in regard to an unexpired lease. The court must then determine whether the trustee can cure or provide adequate assurance of prompt cure and provide adequate assurance of future performance before the court can approve a motion to assume. Whether a trustee has provided adequate assurance of prompt cure or adequate assurance of future performance depends on the facts and circumstances of each case.[22] It is only after considering the facts and circumstances of a case that a court can make legal conclusions regarding the § 365(b)(1) requirements, and determine whether "the trustee . . . may assume or reject any executory contract or unexpired lease of the debtor."[23] At the time a motion to assume is filed, a trustee may have actually attempted to cure a default, or he may have merely promised to promptly cure. Under either scenario, it is not until a court approves the motion to assume and the proposed cure that the assumption of the unexpired lease is effectuated.

The assumption process in this particular case has been going on since early 2009 when the Trustee requested an extension of the § 365(d)(4) time period, which the Court granted. The Trustee timely filed the Assumption Motion indicating his intent to assume the 1997 Coal Operating Agreement, forestalling § 365(d)(4) rejection. At that time, it was impossible for the Trustee to cure any default under the 1997 Coal Operating Agreement because the amount of those cure claims was (and is) still in dispute. This dispute was slated for trial and resolution on September 15 and 17, 2009, but not tried or resolved due to COP's counsel's inability to appear

---

[22] *In re Fine Lumber Co.*, 383 B.R. 565, 570 (Bankr. E.D.N.Y. 2008) (holding that the default under unexpired lease which consisted of the debtor's failure to remove graffiti was promptly cured when debtor indicated it had applied to a municipal program for removal of the graffiti).

[23] Section 365(a). *See In re LonePine Corp.*, 184 B.R. 370, 376 (Bankr. D. Colo. 1995) (finding that court approval of motion to assume need not be obtained within the 60-day period and ordering that the motion to assume be considered on the merits at a *subsequent* hearing).

before the Court.  When the § 365(d)(4) time period expired, it was simply impossible for the Trustee to comply with the § 365(b)(1) requirements.  In his Assumption Motion, the Trustee has done what he can to spell out his plan for meeting the requirements of § 365(b)(1), first by offering adequate assurances of prompt cure and future performance as set forth in the Assumption Motion, and second by setting the Assumption Motion for trial on November 16 and 17, 2009.  It is at this trial that the Court will resolve the substantive issues of whether the Trustee can cure, provide adequate assurance of prompt cure, and provide adequate assurance of future payment to COP.  There remain disputed issues of material fact regarding whether the Trustee has met or failed to meet these requirements.  These factual disputes will be addressed at the upcoming trial.  At this point, the Trustee has done all he can to comply with § 365, and COP's request for a determination is premature.

Finally, COP argues that the Trustee has not complied with § 365(d)(3) which requires a trustee to timely perform all of the debtor's obligations arising after the order for relief is entered until the unexpired lease is assumed or rejected.  COP complains that the Trustee has never performed these duties and has never had the ability to perform.[24]  The Court agrees.  The Trustee has not been in possession of the Bear Canyon Mine since the entry of the order for relief.  Due to the conduct of other parties involved in this case, the Trustee has not had the opportunity to attempt to comply with the terms of the 1997 Coal Operating Agreement and in so doing comply

---

[24]    COP's Reply Mem. at 31.

with the requirements of § 365(d)(3).[25] Whether the Trustee has complied with § 365(d)(3) must be resolved another day.

### IV. CONCLUSION

The Trustee timely filed the Assumption Motion and, as a result, the unexpired leases addressed in the Assumption Motion were not deemed rejected under § 365(d)(4). The Trustee has also done what he can to meet the other requirements of § 365 presenting his plan for curing or promptly curing any defaults under the unexpired leases and providing adequate assurance of that cure and future performance. Whether the Trustee's offers under § 365(b)(1) are sufficient will be resolved at trial on November 16 and 17, and it would be premature for the Court to rule on those issues at this point. Finally, because the Court has found that the unexpired leases were not rejected by operation of § 365(d)(4) and that a § 365(d)(3) conclusion cannot yet be reached, it must also deny COP's request for stay relief under § 362. Based on the foregoing, the Court denies the Motion. A separate order will be issued.

-----------------------------------------END OF DOCUMENT-----------------------------------------

---

[25] COP has cited *In re Granda, Inc.*, 88 B.R. 369 (Bankr. Utah 1998) to support its position that stay relief should be granted and that the Motion be denied. Though the language regarding a party's possible remedy for failure to comply with § 365(d)(3) may be helpful to the Court at a later day, the facts and circumstances are distinguishable from this case, and the Court finds that *Granada* is not controlling on the legal issues presently before the Court.

_____ooo0ooo_____

# SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING COP COAL DEVELOPMENT'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR SUMMARY JUDGMENT ON TRUSTEE'S MOTION TO ASSUME COAL OPERATING AGREEMENTS AND RELATED ASSUMPTION MOTIONS** will be effected through the Bankruptcy Noticing Center to each party listed below and to each party that has requested notice:

C.W. Mining Company
PO Box 65809
Salt Lake City, UT 84165
    *Debtor*

Russell S. Walker
David R. Williams
Woodbury & Kesler
265 East 100 South
Suite 300
Salt Lake City, UT 84111
    *Debtor's Counsel*

Kenneth A. Rushton, Trustee
99 West Main Street
P. O. Box 212
Lehi, UT 84043
    *Chapter 7 Trustee*

Michael N. Zundel
Prince Yeates & Geldzahler
City Centre I, Suite 900
175 East 400 south
Salt Lake City, UT 84111
    *Trustee's Counsel*

Keith A. Kelly
Steven W. Call
Steve Strong
Ray Quinney & Nebeker, P.C.
36 South State St., Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
    *Counsel for Aquila, Inc.*

Conrad H. Johansen
Tyler Foutz
Olsen Skoubye & Nielson
999 East Murray-Holladay Road
Suite 200
Salt Lake City, UT 84117
    *Counsel for Owell Precast, LLC*

John T. Morgan
US Trustees Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, Ut 84111

David E. Leta
Snell & Wilmer
15 West South Temple
Suite 1200
Beneficial Tower
Salt Lake City, UT 84101-1547

F. Mark Hansen
F. Mark Hansen, P.C.
431 North 1300 West
Salt Lake City, UT 84116
*Counsel for Standard Industries, Inc. et al.*

Kim Wilson
P. Matthew Cox
Snow, Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145-5000
*Counsel for Standard Industries, Inc. et al.*

Danny C. Kelly
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
*Counsel for Graymont Western US Inc.*

Lon Jenkins
Troy Aramburu
JONES WALDO HOLBROOK & MCDONOUGH, PC
170 South Main St., Suite 1500
Salt Lake City, UT 84101
*Counsel for Lyndon Property Insurance Company*

Peter W. Guyon
614 Newhouse Building
The Law Office of Peter W. Guyon, P.C.
10 Exchange Place
Salt lake City, UT 84111
*Counsel for Hiawatha Coal Company Inc.*

David E. Kingston
3212 South State Street
Salt Lake City, UT 84115
*Counsel for ANR Company, Inc.*

ORDER SIGNED