**This order is SIGNED.**

 

**Dated: May 17, 2018**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

*PREPARED AND SUBMITTED BY:*

Gary E. Jubber, A1758
Douglas J. Payne, A4113
David P. Billings, A11510
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

*Attorneys for Gary E. Jubber, Chapter 11 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 08-20105 RKM |
| --- | --- |
| C.W. MINING COMPANY, | (Chapter 7) |
| Debtor. | Judge R. Kimball Mosier |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The hearing on confirmation of the Trustee's Plan of Liquidation, Dated February 22, 2018, As Modified[1] (the "**Plan**") filed by Gary E. Jubber, the duly appointed Chapter 11 Trustee of the above-captioned bankruptcy estate (the "**Trustee**") was held before the Honorable R. Kimball Mosier on May 17, 2018 at 10:00 a.m. (the "**Confirmation Hearing**"). Gary E. Jubber

---

[1] The Court considered and confirmed the modified version of the Plan filed with the *Notice of Proposed Plan Modification* dated May 16, 2018 [Docket No. 2999].

appeared as the Chapter 11 Trustee and Douglas J. Payne of Fabian VanCott appeared on behalf of the Trustee. Other appearances were noted on the record. The Bankruptcy Court, having considered the matters before the Court, including the Plan, the Ballot Tabulation Register, and the proffered testimony of Gary E. Jubber, and good cause appearing, hereby makes the following Findings of Fact and Conclusions of Law:[2]

    1.    <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157 (b)(2) and 1334(a))</u>. This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

    2.    <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Bankruptcy Case.

    3.    <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on, or filing objections to, the Plan, were transmitted and served upon all known holders of Claims and/or Equity Interests in substantial compliance with the Bankruptcy

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

Rules and the Order Approving Adequacy of Disclosure Statement for Trustee's Plan of Liquidation Dkt. 2988] (the "**Disclosure Statement Order**"). The Disclosure Statement, Plan, and relevant ballots were transmitted and served upon all known holders of Claims and/or Equity Interests entitled to vote on the Plan in substantial compliance with the Bankruptcy Rules and Disclosure Statement Order, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

   4.  Solicitation. The solicitation of votes for acceptance or rejection of the Plan complied with Bankruptcy Code §§ 1125 and 1126, Fed. R. Bankr. P. 3017 and 3018, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in this Bankruptcy Case, the Trustee has acted in "good faith" within the meaning of Bankruptcy Code § 1125, and is entitled to the protections afforded by Bankruptcy Code § 1125(e).

   5.  Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests, and to tabulate the Ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

   6.  Plan Complies with Bankruptcy Code (11 U.S.C. 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1).

  i. <u>Proper Classification (11 U.S.C. §§ 1122, 1123 (a)(1))</u>. Article III of the Plan provides for the separate classification of Claims and Interests into four distinct Classes based on differences in their legal nature or priority: The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class. The Plan properly classifies Claims and Interests. In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates three Classes of Claims and one Class of Equity Interests.[3] Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests. Thus, the Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

  ii. <u>Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies Class 1 as not impaired and, thus, Bankruptcy Code § 1123(a)(2) is satisfied.

  iii. <u>Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Classes 2, 3 and 4 are designated as impaired under the Plan. Article IV of the Plan specifies the treatment of the impaired Claims and Equity Interests, thereby satisfying Bankruptcy Code § 1123(a)(3).

  iv. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim and Equity Interest in each respective Class, thereby satisfying Bankruptcy Code § 1123(a)(4).

  v. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate

---

[3] In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Priority Tax Claims have not been classified.

and proper means for implementation of the Plan, thereby satisfying Bankruptcy Code § 1123(a)(5).

vi.   Issuance of Non-Voting Interests (11 U.S.C. § 1123(a)(6)). 11 U.S.C. §1123(a)(6) is not applicable because the Debtor's Interest holders will exchange their stock in the Debtor for beneficial interests in a Liquidating Trust; all assets of the Reorganized Debtor shall be managed by the trust, the trust is not a corporation and no equity interest in the Debtor will be issued pursuant to the Plan.

vii.   Selection of Liquidating Trustee (11 U.S.C. § 1123(a)(7)). The manner of selection of the Liquidating Trustee reflects the interest of those represented and is consistent with the interest of creditors and interest holders, satisfying the requirements of Bankruptcy Code § 1123(a)(7).

viii.   Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement of by the Liquidating Trust of claims under chapter 5 of the Bankruptcy Code and applicable non-bankruptcy law, thus satisfying the requirements of § 1123(b).

ix.   Fed. R. Bankr. P. 3016(a). The Plan is dated and identifies the Trustee as the proponent, thereby satisfying Fed. R. Bankr. P. 3016(a).

7.   The Trustee Has Complied with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Trustee has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(2).

  i. The Trustee is a proper proponent of the Plan under Bankruptcy Code § 1121(c).

  ii. The Trustee has complied with the applicable provisions of the Bankruptcy Code.

  iii. The Trustee has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices, and in soliciting and tabulating votes on the Plan.

  8. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Trustee proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan. The Trustee proposed the Plan with the legitimate and honest purposes of, among other things, reaching a fair and equitable resolution of the complex business and legal issues presented by this Bankruptcy Case.

  9. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case, including all fees and expenses incurred by Professionals, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code § 1129(a)(4).

  10. <u>Identity of Liquidating Trustee (11 U.S.C. § 1129(a)(5))</u>. The identity of the person who will serve as the Liquidating Trustee under the Liquidating Trust created by the

Plan has been disclosed. The services and compensation of the Liquidating Trustee post-confirmation is consistent with the interests of the holders of Claims and Equity Interests and with public policy. Therefore, the Trustee has complied with Bankruptcy Code § 1129(a)(5).

11.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Bankruptcy Code § 1129(a)(6) is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

12.     <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies Bankruptcy Code § 1129(a)(7) because each Class of Claims that is impaired and entitled to vote under the Plan has either voted to (or, opting not to vote or object to confirmation, is deemed to) accept the Plan.

13.     <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 3 voted to accept the Plan, and Classes 2 and 4 are deemed to have accepted the Plan, thereby satisfying Bankruptcy Code § 1129(a)(8).

14.     <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11U.S.C. § 1129(a)(9))</u>. The Plan satisfies the requirements of Bankruptcy Code §1129(a)(9) because the Plan provides that Administrative Expense Claims pursuant to Bankruptcy Code § 507(a)(1) and Priority Claims pursuant to Bankruptcy Code § 507(a)(2) through § 507(a)(8), shall be treated in accordance with the provisions of Bankruptcy Code § 1129(a)(9).

15.     <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>. Impaired Class 3 has voted to accept the Plan without including the acceptance of any insider, and impaired Classes 2 and 4 are deemed to have accepted the Plan, thus satisfying Bankruptcy Code § 1129(a)(10).

16.     Feasibility (11 U.S.C. § 1129(a)(11)). The Plan is feasible and complies with Bankruptcy Code § 1129(a)(11) because liquidation is proposed in the Plan.

17.     Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Plan, thereby satisfying Bankruptcy Code § 1129(a)(12).

18.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Because the Debtor has no retiree benefits, this provision does not apply.

19.     Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)). Bankruptcy Code § 1129(b) is inapplicable to the Plan because each impaired Class has voted to accept or is deemed to have accepted the Plan.

20.     No Other Plan (11 U.S.C. § 1129(c)). No other Chapter 11 plan has been filed in connection with the Bankruptcy Case.

21.     Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1129(d).

22.     The Court announced other findings of fact and conclusions of law on the record at the confirmation hearing, which findings and conclusions are incorporated herein by reference.

23. In summary, the Plan complies with and the Debtor has satisfied all applicable confirmation requirements and the Plan will be confirmed upon entry of the separate Confirmation Order.

**[END OF DOCUMENT]**

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** should be served to the parties and in the manner designated below:

**By Electronic Service** – I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- James W. Anderson    jwa@clydesnow.com, jritchie@clydesnow.com
- Richard J. Armstrong    rarmstrong@kmclaw.com
- Richard J. Armstrong    rjarmstrong@woodcrapo.com
- P. Bruce Badger    bbadger@fabianvancott.com, aclark@fabianvancott.com
- J. Thomas Beckett    tbeckett@parsonsbehle.com, ecf@parsonsbehle.com;brothschild@parsonsbehle.com;kstankevitz@parsonsbehle.com
- J. Thomas Beckett    tbeckett@parsonsbehle.com, ecf@parsonsbehle.com;brothschild@parsonsbehle.com;kstankevitz@parsonsbehle.com
- David P. Billings    dbillings@fabianvancott.com, mparks@fabianvancott.com
- Peter W. Billings    pbillings@fabianvancott.com, mbeck@fabianvancott.com
- Glenn R. Bronson    grb@princeyeates.com, carolp@princeyeates.com;paulette@princeyeates.com
- Steven W. Call    scall@rqn.com, docket@rqn.com;etito@rqn.com
- James Vincent Cameron tr    Vince.Cameron@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- Andrew B. Clawson    andrew@abclawutah.com, andrew.b.clawson@gmail.com;clawsonar75236@notify.bestcase.com
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- Melyssa D. Davidson    davidson@wdlawfirm.com
- William F. Dobbs    wdobbs@jacksonkelly.com
- Anna W. Drake    annadrake@att.net, r51122@notify.bestcase.com
- Mark W. Dykes    ecf@parsonsbehle.com, mdykes@parsonsbehle.com
- Douglas Farr    dfarr@swlaw.com, docket_slc@swlaw.com;bandrews@swlaw.com
- Douglas Farr    dfarr@swlaw.com, docket_slc@swlaw.com;bandrews@swlaw.com
- Mary Forrest-Doyle    doyle.mary@dol.gov
- Tyler S. Foutz    tyler@osnlaw.com, secretary@osnlaw.com
- Laura Fuller    lfuller15@hotmail.com

- Duane H. Gillman    dhgnotice@djplaw.com
- Daniel C. Green    dan@racinelaw.net, rag@racinelaw.net
- Peter W. Guyon    pguyon@yahoo.com
- David R. Hague    dhague@fabianlaw.com
- John P. Hickey    jhickey@brouse.com
- T. Jake Hinkins    jake@andersonhinkins.com, ecf@andersonhinkins.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;jthorsen@cohnekinghorn.com
- Vernon L. Hopkinson    vhopkinson@strongandhanni.com
- Craig H. Howe    howe@millertoone.com
- Mary Margaret Hunt    hunt.peggy@dorsey.com, long.candy@dorsey.com
- Lon A. Jenkins    jenkins.lon@dorsey.com
- Conrad H. Johansen    conrad@osnlaw.com, secretary@osnlaw.com
- Gary E. Jubber    gjubber@fabianvancott.com, mparks@fabianvancott.com
- Gary E. Jubber tr    gjubber@fabianlaw.com, mparks@fabianvancott.com;UT07@ecfcbis.com
- Gary E. Jubber tr    gjubber@fabianvancott.com, mparks@fabianvancott.com;UT07@ecfcbis.com
- Penrod W. Keith    pkeith@djplaw.com, khughes@djplaw.com
- Keith A. Kelly    kkelly@rqn.com, docket@rqn.com
- Carl E. Kingston    cek@ceklawoffice.com, cjo@deklawoffice.com
- David E. Kingston    davidekingston@yahoo.com, cjo@deklawoffice.com
- Benjamin J. Kotter    bkotter@cohnekinghorn.com, legal@tabbank.com
- Bria E LaSalle Mertens    blmertens@stoel.com, docketclerk@stoel.com
- David E. Leta    dleta@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com
- David E. Leta    dleta@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com
- Stephen W. Lewis    swlewis@agutah.gov
- Jacob D. Lyons    jdlyons@cnmlaw.com
- Adelaide Maudsley    amaudsley@kmclaw.com, tslaughter@kmclaw.com
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- Daniel W. McKay    dmckay@dmckaylaw.com
- Jessica G. McKinlay    mckinlay.jessica@dorsey.com, khughes@djplaw.com
- Edward C. Meade    ecmeade@tva.gov
- Mark S. Middlemas    LundbergECFmail@Lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com
- Blake D. Miller    bmiller@joneswaldo.com, millermobile@gmail.com;miller.blaked@gmail.com
- Elaine A. Monson    emonson@rqn.com, docket@rqn.com;pbrown@rqn.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Oliver K. Myers    myersok@msn.com
- Sherilyn A. Olsen    solsen@hollandhart.com, slclitdocket@hollandhart.com;intaketeam@hollandhart.com;cfries@hollandhart.com
- Michael A. Parkes    parkeslaw@gmail.com
- Douglas J. Payne    dpayne@fabianvancott.com, mparks@fabianvancott.com
- David L. Pinkston    bankruptcy_dlp@scmlaw.com
- David L. Pinkston    bankruptcy_dlp@scmlaw.com
- Daniel D. Price    daniel.price2@usdoj.gov, mykel.mason@usdoj.gov

- Knute A. Rife    KARife@RifeLegal.com
- Richard E. Riggs    reriggs@tva.gov, ogcecffiles@tva.gov
- Michael J. Roeschenthaler    mroeschenthaler@wtplaw.com
- Jerome Romero    jromero@joneswaldo.com
- Kenneth A. Rushton    KRus8416@aol.com
- Kenneth A. Rushton tr    KRus8416@aol.com, UT01@ecfcbis.com
- Chris L. Schmutz    chrisschmutz.pc@gmail.com, hillaryschmutz@yahoo.com;r60588@notify.bestcase.com
- Stuart H. Schultz    sschultz@strongandhanni.com
- Robert H. Scott    robert.scott@akerman.com, toni.domres@akerman.com;tracey.wayne@akerman.com
- Jeffrey L. Shields    jlshields@cnmlaw.com
- Zachary T. Shields    zshields@strongandhanni.com
- Jeremy C. Sink    jsink@mbt-law.com
- Quinn A. Sperry    Quinn@morrissperry.com, sydney@morrissperry.com
- Erin M. Stone    estone@cmnhospitals.org
- Steven C. Strong    sstrong@cottonwoodtitle.com, jhasty@cohnekinghorn.com
- Gerald H. Suniville    gsuniville@fabianvancott.com, nnelson@fabianvancott.com
- James C. Swindler    jcs@princeyeates.com, carolp@princeyeates.com;paulette@princeyeates.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Russell S. Walker    rwalker@wklawpc.com, ckirk@wklawpc.com
- Tyler O. Waltman    tow@princeyeates.com, docket@princeyeates.com
- David R. Williams    dwilliams@wklawpc.com, kmacrae@wklawpc.com
- Kim R. Wilson    bankruptcy_krw@scmlaw.com
- Brent D. Wride    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com
- Brent D. Wride    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com
- Michael N. Zundel    mnz@princeyeates.com, docket@princeyeates.com;carolp@princeyeates.com;tec@princeyeates.com;paulette@princeyeates.com
- Michael N. Zundel    mnz@princeyeates.com, docket@princeyeates.com;carolp@princeyeates.com;tec@princeyeates.com;paulette@princeyeates.com
- P. Matthew x2Cox    bankruptcy_pmc@scmlaw.com

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served pursuant to Fed. R. Civ. P. 5(b):

| | |
|---|---|
| Harriet A. Cooper<br>Tennessee Valley Authority<br>400 West Summit Hill Dr. (WT 6A)<br>Knoxville, TN 37902 | Mark Hansen<br>431 North 1300 West<br>Salt Lake City, UT 84116 |

Alan C. Iannacito
ACI Associates, Inc.
5519 South Iris Street
Littleton, CO 80123

Kristian J. Jamieson
1085 Van Voorhis Road, Suite 400
Morgantown, WV 26507

John Thomas Coal Resources, Inc.
c/o Anderson & Karrenberg
50 West Broadway, Suite 700
Salt Lake City, UT 84101

David F. Klomp
Durham Jones & Pinegar
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050

Norwest Corporation
136 East South Temple
12th Floor
Salt Lake City, UT 84111

Michael D. Olsen
Olsen Law Office, PC
25 N. Center
P.O. Box 937
Castle Dale, UT 84513

Ray, Quinney & Nebeker, P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111

Rocky Mountain Advisory, LLC
215 South State Street, Suite 550
Salt Lake City, UT 84111

Landon O. Sullivan
Prince Yeates & Geldzahler
175 East 400 South
Suite 900
Salt Lake City, UT 84111

Alexander H. Walker
American Plaza II
57 West 200 South
Salt Lake City, UT 84101

W. Dale Westenskow
Haynie & Company
1785 West 2300 South
Salt Lake City, UT 84119

Jody L. Williams
Holland & Hart LLP
222 South Main Street
Suite 2200
Salt Lake City, UT 84101

4850-2489-7358, v. 1